Peter C. D'Apice
State Bar No. 05377783
Briana L. Cioni
State Bar No. 24044161
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Phone:  (214) 969-4986
Facsimile:  (214) 969-4999

*Attorneys for Milcor I, LLC*

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In re:**  **MIDVALE LODGING, LLC,**  **Debtor.** | **CASE NO. 13-40875-btr**  **Chapter 11** |

**MILCOR I, LLC'S LIMITED OBJECTION TO DEBTOR'S
EMERGENCY MOTION FOR USE OF CASH COLLATERAL**

Milcor I, LLC, a Utah limited liability company (the "Secured Lender"), by and through its counsel, hereby files this Limited Objection (the "Limited Objection") to the Emergency Motion for Use of Cash Collateral [Docket No. 6] (the "Motion") filed by Midvale Lodging, LLC (the "Debtor") and respectfully states as follows

**OBJECTION**

While the Secured Lender agrees that the Debtor requires the use of cash collateral to allow the Debtor to operate during the pendency of this bankruptcy case, the Secured Lender does not agree with the Debtor's proposed "One-Month Budget" attached to the Motion as Exhibit B (the "Proposed Budget") or the proposed order attached to the Motion as Exhibit A

(the "Proposed Order"). The Secured Lender submits that many of the income and expense figures presented in the Proposed Budget are inaccurate, unnecessary, and do not reflect the necessary operating expenses and income of the recently re-opened hotel located in Midvale, Utah, which is operated by the Debtor (the "Utah Hotel"). The Secured Lender also objects to various other provisions of the proposed order attached to the Motion as Exhibit A (the "Proposed Order") for the reasons stated below.

## Deed of Trust

On April 16, 2012, the Debtor as trustor, entered into an "All Inclusive Trust Deed With Assignment of Rents," in favor of the Secured Lender as beneficiary (the "Trust Deed"), a copy of which is attached hereto as **Exhibit A**. Through the Trust Deed, which is governed by Utah law,[1] the Debtor conveyed and warranted to the trustee for the benefit of the Secured Lender, the real property on which the Debtor's hotel in Midvale, Utah sits, along with all buildings, fixtures and improvements thereon and all water rights, rights of way, easements, and rents.[2] Under Utah law, the assignment of rents described in the Trust Deed is governed by Utah Code § 57-26-1 *et seq* (the "Utah Uniform Assignment of Rents Act").

## Flawed Projections

As a preliminary matter, the Debtor does not provide any basis for the income and expense figures listed in the Proposed Budget. The Secured Lender believes that the income projection is unnecessarily pessimistic and that many of the expenses are unreasonable, exaggerated or unnecessary. The net result of these flaws is a projected net monthly income of $5,686.00, a figure that is grossly understated. These flawed projections adversely impact the

---

[1]  **Exhibit A** at ¶ 21.

[2]  **Exhibit A** at p. 1.

Secured Lender under the Proposed Order, because under such order the Debtor would only be required to pay to the Secured Lender the "*lesser* of $5,686.00 or excess cash flow after payment of expenses." Proposed Order at p. 4 (emphasis added). Attached as **Exhibit B** hereto is a "Promissory Note" dated April 16, 2012, by and between the Debtor and the Secured Lender, whereby the Debtor promised to pay the Secured Lender $1,500,000.00 together with interest at the rate of 7.25% in monthly installments of $10,000.00 from June 2012 through December 2012, and monthly installments of $16,728.00 beginning in January 2013 (the "Promissory Note"). Interest on the Promissory Note continues to accrue at a rate of approximately $9,062.50 per month. Under the Proposed Budget, even if the Debtor's net income exceeds projections, the Secured Lender will only recover approximately 60% of the monthly interest owed under the Promissory Note. Thus, the Secured Lender is not adequately protected under Section 363(e) of the Bankruptcy Code. Secured Lender requests that payments to it be the *greater* of the excess after the budget is adjusted as requested herein, or excess cash flow.

## Failure to Provide Adequate Protection

The Court should either deny the Motion or modify the Proposed Budget because it fails to provide the Secured Lender with adequate protection of its valid and perfected security interest. Section 363 of the Bankruptcy Code requires that the Secured Lender be adequately protected for the use of its cash collateral. Section 361 defines "adequate protection" as cash payments equal to the decrease in value of the secured creditor's interest in the property, the provision of replacement liens, or granting other relief that results in the "indubitable equivalent." 11 U.S.C. § 361(1)-(3). Secured Lender requests that replacement liens be on real property and personal property, including but not limited to cash and accounts receivable.

-3-

In addition, the Debtor's intention to provide only monthly operating reports to the Secured Lender is insufficient to apprise the Secured Lender of the status of the Debtor's business. Accordingly, the Debtor should be required to provide weekly financial information to the Secured Lender detailing the income, expenses, occupancy rate of the hotel, and the average daily room rate for rooms rented at the hotel, and bank statements.

The Debtor has failed to provide "adequate protection" as required under Sections 361 and 363. The minimal cash payments the Debtor is proposing to give the Secured Lender are insufficient to even pay the interest on the Promissory Note. Thus, the Debtor has failed to provide the Secured Lender with adequate protection and the Court should modify the Proposed Budget and any attempt by the Debtor's proposed order to limit replacement liens to accounts receivable.

### Improper Venue Conclusion

Separate and apart from the flaws in the Proposed Budget, which are more fully described below, the Secured Lender objects to the language in the Proposed Order which states that "Venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409." Proposed Order at p. 2. The Debtor is a limited liability company formed under the laws of Utah. The Debtor's sole asset, the Utah Hotel, is located in Midvale, Utah. Based on the rudimentary matrix filed with the petition, the majority of the Debtor's creditors are located in Utah. And the Secured Lender is a Utah limited liability company. Domicile, residence, and the principal place of assets are all in Utah. There has been no evidence presented nor hearing held yet to determine proper venue. Accordingly, the Secured

Lender objects to the language in the Proposed Order which states that this Court has found venue appropriate in this district.[3]

## Flawed Income Projection

The Debtor's "Income" generation projection for the Utah Hotel for April 2013 is grossly understated. The Utah Hotel has about 90 rooms available.[4] These rooms rent for between $100.00 and $140.00 per night. Assuming that the average room rents for $110.00, the $80,000 of income in the Proposed Budget anticipates that the Debtor will rent rooms for roughly 727 nights during April. Thus, out of 2700 possible room rentals available for the month (30 nights x 90 rooms), the Proposed Budget assumes that roughly 27% of the rooms will be rented during April. In other words, the Proposed Budget anticipates that the Utah Hotel will have a 73% vacancy rate for April. This figure is incredibly low and has no factual basis.

## Expenses are Inflated or Inappropriate

The Proposed Budget inflates expenses and lists other expenses which are either unnecessary or arbitrarily listed in the Proposed Budget. For the convenience of the Court, below is a list of the objectionable expense line items in the Proposed Budget with the Debtor's proposed dollar figure attributable to such expenses, the Secured Lender's proposed amendment to such expense figure, and the Secured Lender's rationale for such amendment:

- *Wages and Salaries*: Listed at $20,000.00 in the Proposed Budget. This line item is an astonishing 25% of projected room revenue. Assuming that the Debtor rents out 727 rooms during the month and pays $5.00 per room for housekeeping services, the Debtor would incur $3,635.00 in housekeeping expenses for the

---

[3] The Secured Lender intends to file a motion to change venue in the coming days.

[4] The Debtor states that 91 rooms are available (*see* Motion at ¶ 4), but due to renovations over the past six to eight months the number of rooms is believed to be 87.

-5-

month. General maintenance costs should be roughly $1,500.00 per month for a hotel of this size. 24 hour front desk support at $12.00 per hour for the 30 day period would equal $8,640.00. Thus, wages and salaries should be roughly $13,775.00 for the month and not $20,000.00 as represented in the Proposed Budget.

- *Repairs and Maintenance*: Because the Utah Hotel is a newly renovated building, the $2,400.00 allocated for "Repairs and Maintenance" in the Proposed Budget is excessive. This figure should be reduced to $400.00.

- *Rooms Operating Supplies*: The $3,200.00 per month allocated for "Rooms Operating Supplies" is excessive in light of the number of rooms the Debtor anticipates renting during the month and should be reduced to $1,600.00.

- *Utilities*: The line item amounts for cable, electricity, gas, internet, telephone, and water are excessively high, and should be reduced by 50%.

- *Management Fee*: No management company has been appointed by the Court and the Secured Lender objects to paying a "management fee" to an unidentified source with no information regarding what services the management will provide. Accordingly, this amount should be reduced to zero in the Proposed Budget. As a general objection, the Secured Lender opposes any expense paid by the Debtor which pays fees to an "insider" of the Debtor as defined in Bankruptcy Code § 101(31).

- *Franchise Fees*: Upon information and belief, the franchise fees for a Best Western franchise equal roughly 5% of income. If the Debtor collects $80,000

from renting rooms during the month, the franchise fee would be approximately $4,000.00 and not the $12,800.00 figure found in the Proposed Budget.

- *Advertising and Promotion*: The Proposed Budget allocates $1,000.00 for monthly advertising and promotion expenses. This line item should be eliminated because Best Western pays for advertising and promotion.

WHEREFORE, for the reasons discussed herein, the Secured Lender respectfully requests that the Court modify the Debtor's proposed budget and proposed order as set forth herein. The Secured Lender also requests such other and further relief as is just and proper.

Dated: April 17, 2013

                Respectfully submitted,

                /s/ *Peter C. D'Apice*
                Peter C. D'Apice
                State Bar No. 05377783
                Briana L. Cioni
                State Bar No. 24044161
                **STUTZMAN, BROMBERG,**
                **ESSERMAN & PLIFKA**
                **A PROFESSIONAL CORPORATION**
                2323 Bryan Street, Suite 2200
                Dallas, Texas 75201-2689
                (214) 969-4986
                (214) 969-4999 (facsimile)
                dapice@sbep-law.com

                *Attorneys for Milcor I, LLC*

-8-

## CERTIFICATE OF SERVICE

I certify that on April 17, 2013, a copy of the foregoing was served by ECF on those parties registered for ECF and by U.S. First Class Mail on the parties listed below and on the attached service list:

Midvale Lodging, LLC
Joyce W. Lindauer
8140 Walnut Hill Lane
Suite 301
Dallas, TX 75231

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

                                                 */s/ Peter C. D'Apice*
                                                  Peter C. D'Apice